HARPER (CAMPBELL v.). See Case No. 2,-360.

======

## Case No. 6,086.

HARPER v. COOKE et al.

SAME v. STEVENS.

[5 Ban. & A. 50.] [1]

Circuit Court, D. Massachusetts. Dec., 1879.

PATENTS—IMPROVEMENT IN FLY TRAPS—NOVELTY—INFRINGEMENT.

Reissued letters patent number 6,493, dated June 22d, 1875, for an improvement in fly traps, *held* to be novel and infringed by the defendants.

[This was a proceeding in equity by James M. Harper against Howard O. Cooke and others, and was heard with another suit of the same nature by the same plaintiff against Nathaniel B. Stevens, for the alleged infringement of reissued letters patent No. 6,-493, granted to plaintiff June 22, 1875. The original patent, No. 131,098, was granted to him September 3, 1872.]

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

Thos. H. Dodge, for complainant.
Thos. Weston, Jr., for defendants.

LOWELL, Circuit Judge. These suits are brought for the infringement of the reissued patent, granted the plaintiff, No. 6,493, dated June 22d, 1875, for an improvement in fly traps. The specification and drawings show a cylinder made of wire cloth, inside of which is a much smaller cone of the same material, with a hole in its top; these are supported by a circular wooden block or base, flat on its lower surface and hollowed on its upper surface, and with shoulders and projections upon which the cone and cylinder are to rest, leaving openings for the greater part of the circumference through which the flies are expected to crawl. The operation of this trap is said to be that the flies crawling up through a narrow and dark passage into the part of the trap containing the bait and covered by the small cone, are attracted by the light above and find their way into the large cylinder, but cannot remember the way for a return journey, and collect in the upper trap. The specification disclaims a trap whose base block contains a convex surface upon the inside, and claims: "1. The concave base block, having extensions and shoulders in combination with the cylinder and cone, substantially as described. 2. The base block, having passages in its periphery and a concavity inside thereof, in combination with the cylinder, substantially as described." The advantage of the concave block is that it will retain liquid bait.

In this case, as in so many others, the field of invention has been thoroughly explored before and since the date of the patent, and the inquiry is whether that part which fairly belongs to the patentee is narrow enough on the one hand to escape the earlier constructions, and broad enough on the other to cover those which are later. The patent of Reuben Shaler, granted in 1859, describes a fly trap of wire gauze, which has an upper and lower receptacle connected by a trap-door, which is kept sufficiently open by an upright piece of wire. The base block has a mode of entrance for the flies substantially like that of Harper, but it is convex on the upper or inner side, and the liquid bait was put upon a rag or sponge which was fastened to the block. The other contrivances which are proved to antedate Harper, have not the peculiar advantage of the mode of constructing the entrance, which makes it difficult for the flies to find their way out. It is Shaler's trap which caused the disclaimer in Harper's patent, and it is that which raises the only nice point of novelty. The connection between the upper and the lower trap is much more simple and compact in Harper's contrivance, and the trap-door is dispensed with, as well as wire posts by which Shaler supported his upper bell-shaped receptacle. This is in addition to the change in the base block from convex to concave,.

which is admitted to be a useful change. It is not necessary to inquire whether Harper would infringe Shaler, because the patent of the latter has long since expired, but I think it reasonably clear, in view of the existing traps, that Harper made an improvement upon Shaler which will support a patent for a limited claim; that is, for the combination of such a block with such a cone and cylinder as he describes, in substantially the same way.

Then, does the trap made by the defendants Howard and Samuel Cooke, and sold by the defendant Stevens, infringe Harper's patent? It differs in two particulars, which amount to patentable differences in the opinion of the defendant's expert, Mr. Walker, and a patent has been or is to be applied for; but the new patent, if one should be obtained, may infringe the old. The differences are not obvious on a hasty inspection. They are these: The lower and upper cages are firmly fastened together at the bottom. This is an improvement; but as Harper's corresponding cages are so made as to fit together at the same place, the difference is immaterial in the trap when in operation. Then, instead of cutting away a part of the circular base block, so as to leave suitable projections and shoulders to receive the cage or cages, the defendants attach to a circular base block three pieces of bent wire, or thin plates of brass, which serve as shoulders and projections, and at the same time, being elastic, they serve as springs to keep the cage and block united, which is another improvement, but likewise unessential to the trap when in use. Harper describes his cone as fitted closely to the block, but springs would certainly be more effectual than the best fitted unelastic block. The defendants' trap, when standing upon a table ready for use, has a base block with a concave ring cut out of it, on the upper surface, to receive the molasses or other liquid bait, and with openings not distinguishable in function or mode of operation from those of Harper, with an inner and an outer cage of wire gauze, resting upon the block at the same place, and for the same purpose, and in substantially the same way, with those of the plaintiff. From the comparison which I have given, it is apparent, I think, that the defendants have taken the combination of the plaintiff, and that the improvements which they have made are by way of addition to, rather than avoidance of, his mode of construction.

I, therefore, find the patent valid, and to have been infringed. As the defendant in the second case merely sells the traps made by the defendants in the first case, an accounting in the first case will, I suppose, be all that is necessary at present. Decree in the first case for injunction and account. Decree in the second case for injunction.

[For another case involving this patent, see National Manuf'g Co. v. Myers, 15 Fed. 237.]